The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR24-159 KKE |
| Plaintiff, | |
| v. | DISCOVERY PROTECTIVE ORDER |
| JUSTIN D. CARR, | |
| Defendant. | |

The parties filed a stipulated motion for a discovery protective order. Dkt. No. 21. The Court GRANTS the motion and hereby enters the following protective order:

1. <u>Protected Material</u>

The following documents and materials are deemed Protected Material. The United States will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team). This category of Protected Materials will be marked and labeled as "Protected Material":

    a.    Forensic interview of MV1;

    b.    Forensic interview of a minor witness; and

        c.      Personal identifying information concerning MV1 and the minor witness.

2. <u>Scope of Review of Protected Material</u>

Defense attorneys of record and members of the defense team may display and review the Protected Material with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of Protected Material to the Defendant and other persons.

3. <u>Consent to Terms of Protective Order</u>

The provisions of the protective order shall apply to all members of the defense team, including but not limited to other attorneys, contract attorneys, investigators, legal assistants, interns, experts, and paralegals. It is the responsibility of defense counsel to ensure that all members of the defense team understand the restrictions of the protective order and understand that they are required to abide by those restrictions.

4. <u>Parties' Reciprocal Discovery Obligations</u>

Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

5. <u>Filing of Protected Material</u>

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. <u>Non-termination</u>

The provisions of this Order shall not terminate at the conclusion of this prosecution.

DATED this 21st day of October, 2024.

_____
Kymberly K. Evanson
United States District Judge