THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JUSTIN D. CARR,<br>Defendant. | No. CR24-159-KKE<br><br>JUSTIN CARR'S SENTENCING MEMORANDUM |

Justin Carr committed horrific abuse against a young girl in his care. The Court should therefore sentence him to the joint recommendation of fifteen years in prison and a lifetime of supervision.

Three aspects of the context of the abuse and its aftermath, however, require clarification.

First, as to Objections 1 and 4, other people's misconduct towards the victim reduces the defendant's relative causal role in harming the victim. This is true for AW's misconduct, whether mere neglect in failing to take MV1 for medical care or actual participation in the abuse. The victim advocate's impressions are especially probative because she observed MV1 and AW1 close in time to the traffic stop. Her concerns are based in fact, as the "rash on [MV1]'s vagina for the last year" is not only admitted by AW1 but also documented in medical records. The concerns are also logical, as not treating a rash in a sensitive area for a year at least raises the question of neglect. Likewise, DCYF's investigation of AW1 for neglect of a different child bolsters the



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

victim advocate's concerns about MV1. Therefore, the paragraph proposed in Objection 1 should be added to ¶ 12, and the sentence proposed in Objection 4 should be added to ¶ 57.

Second, as to Objection 2, the government cites no discovery. Mr. Carr did not admit to these allegations with law enforcement, and photo evidence does not support them. While sufficient indicia of reliability support MV1's allegations in her CFI, the same is true for Mr. Carr's denial. The PSR should include both.

Third, as to Objection 3, *United States v. Mills*, 412 F.3d 325, 330 (2d Cir. 2005), plainly applies. The PSR may include Mr. Carr's statements, but should also say the government obtained them in violation of the Sixth Amendment. This is relevant because counsel's absence decreases the reliability of those statements. Our legal system is adversarial for a reason, and in the specific context of a stressful law enforcement interview, counsel helps a defendant navigate and focus. It is also relevant because violations of a defendant's constitutional rights are relevant to "respect for the law" and "just punishment." 18 USC § 3553(a)(2)(A).

Finally, as to a couple minor points: Mr. Carr asked USPO by the objection deadline to swap the information in PSR ¶¶ 71 and 72, as the details as to his alcohol use apply to his marijuana use, and vice versa. Relatedly, it is unclear why USPO believes he has a "history of misuse of alcohol." USPO Rec. at 8. And, Special Condition 14 should be modified to state that the defendant's payment for computer monitoring and polygraph testing is "according to his/her ability." This is consistent with other conditions.



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

DATED this 14th of August 2026.

Respectfully submitted,

s/ *Mukund Rathi*
Assistant Federal Public Defender
Attorney for Justin D. Carr



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**