The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JUSTIN D. CARR,<br>Defendant. | NO. CR24-159 KKE<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through Laura Harmon, Special Assistant United States Attorney for said District, respectfully submits this Sentencing Memorandum in the above-captioned case. Defendant, Justin D. Carr, is before the Court for sentencing following his plea of guilty to Count 1, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e). Sentencing is scheduled for August 24, 2026, at 10:00 a.m. For the reasons that follow, the Court should follow the agreed recommendation of counsel: 15 years in custody, concurrent to King County Superior Court case no. 24-1-04928-9, to be followed by lifetime supervised release.

## I. FACTUAL BACKGROUND

As set forth in the PSR, this case came to the attention of law enforcement when AW1 called 911 on the side of a highway in Colorado when she found depictions of child



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sexual abuse on Carr's phone and recognized the abused child. PSR at ¶ 11. The imagery's data indicated was taken in Renton, King County, Washington on May 11, 2024. *Id.* at ¶ 12. Carr admitted to AW1 that he was depicted in those images and he had committed child sexual abuse against the 4-year-old known to them both. *Id.* at ¶ 13. The child was interviewed and confirmed Carr's abuse of her. *Id.* at ¶ 15. Notably, she referred to him a parental figure in her interview. *Id.*

Carr was eventually charged in three jurisdiction: Colorado state court for possessing the imagery there, Washington state court for the sexual abuse of the child, and before this Court for producing the imagery in Washington showing the sexual abuse.

## II. GUIDELINES CALCULATIONS

The government concurs with the U.S. Probation Office calculation of the offense level (see PSR at ¶¶ 27–40). The government's calculations are as follows for each count:

| | | |
|---|---|---|
| Base Offense Level | 32 | USSG § 2G2.1(a) |
| Minor under 12 | +4 | USSG § 2G2.1(b)(1) |
| Commission of Sexual Act | +2 | USSG § 2G2.1(b)(2)(A) |
| Sadistic or Masochistic Conduct | +4 | USSG § 2G2.1(b)(4) |
| Parent or Guardian of Minor | +2 | USSG § 2G2.1(b)(5) |
| Acceptance of Responsibility | -3 | USSG § 3E1.1(a), (b) |
| **Total** | **41** | |

Based on that offense level, Carr's guidelines range is calculated at **324 to 405 months**.

## III. SENTENCING RECOMMENDATION

The joint sentencing recommendation is sufficient, but not more than necessary to comply with the purposes set forth in § 3553(a) for the reasons outlined herein.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## A. Term of Imprisonment

### 1. The Nature and Circumstances of the Offense

It cannot be disputed that the nature of these offenses was substantially aggravated and of great severity to the victim. Carr admitted to raping and abusing MV1 while in his care and custody at the particularly young age of four. Worse yet, he documented this abuse by recording it. In light of the defendant's conduct, a 15-year term as defined above, is appropriate. Child pornography creation and possession have devastating effects on the victims of those offenses. The victim impact letter outlines the particularly difficult circumstances to Carr's victim, as well as his abuse of trust.

### 2. The History and Characteristics of the Defendant

The government's recommendation of a sentence below the guidelines range is based on Carr's conduct, early acceptance of responsibility, absence of criminal history prior to these events, and age. All of these considerations, in addition to Carr's agreement to plead guilty in state court, both in Washington and Colorado, and preventing the need for MV1 to be further traumatized by one or more trials justify a below range sentence.

### 3. Promoting Respect for the Law, Providing Just Punishment, and Affording Adequate Deterrence to Criminal Conduct

This recommended sentence is the shortest sentence necessary to impress upon Carr and others the seriousness of his offense and to deter future similar conduct. That sentence is not too harsh, as it is far below the low end of the guidelines range. It also acknowledges the pain and trauma Carr caused MV1.

### 4. Avoiding Unwarranted Sentencing Disparity

The parties' joint recommendation is warranted based upon the facts of this case and with thoughtful consideration given to the defendant's history, personal characteristics, risk to the community, and involvement in child sexual abuse as well as collection such imagery. The government has taken all of the foregoing into consideration in arriving at its recommendation.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**B. Supervised Release**

The parties further recommend a period of supervised release for the remainder of Carr's life. Given the defendant's conduct, it is important that the U.S. Probation Office maintain supervision over the defendant—and have the authority to search his electronic devices, as necessary—following his release to ensure that he is not accessing this type of material. The government agrees with the special conditions recommended by the Probation Office.

**C. Fines and Assessments**

The Court must order the $100 special assessment required. If the Court makes a finding that Carr is indigent, the Court need not order the $5,000 penalty assessment under the Justice for Victims of Trafficking Act of 2015. *See* 18 U.S.C. § 3014(a)(3) (imposing such an assessment for all non-indigent persons convicted under Chapter 110 of Title 18, which Chapter includes Section 2252).

**D. Restitution**

The government has not received any restitution requests from MV1.

IV. CONCLUSION

The government therefore respectfully recommends the Court impose a sentence of 15 years imprisonment, concurrent to each other and the King County matter, followed by lifetime supervised release. This sentence takes into consideration the defendant's misconduct, his acceptance of responsibility, and the need for the sentence to provide just punishment and promote respect for the law.

DATED this 17th day of August, 2026.

Respectfully submitted,

*s/ Laura Harmon*
Laura Harmon
Special Assistant United States Attorney



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970